NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

MELYNIE MARIE SUSUNKEWA, *Appellant.*

No. 1 CA-CR 14-0824
FILED 9-10-2015

Appeal from the Superior Court in Maricopa County
No. CR2014-110107-001
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

DeBrigida Law Offices, PLLC, Glendale
By Ronald M. DeBrigida, Jr.
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kent E. Cattani joined.

**N O R R I S,** Judge:

**¶1**         Melynie Marie Susunkewa timely appeals from her conviction and probation for Reckless Child Abuse, a class 3 felony and domestic violence offense.  After searching the record on appeal and finding no arguable question of law that was not frivolous, Susunkewa's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.  This court granted counsel's motion to allow Susunkewa to file a supplemental brief *in propria persona*, but she did not do so.  After reviewing the entire record, we find no fundamental error and, therefore, affirm Susunkewa's conviction and sentence.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**         On the morning of March 1, 2014, J.C. found an unattended one-and-a-half year old boy ("victim") in his backyard.  J.C. had never seen the victim before and had no idea how he got into his backyard, which was surrounded by six foot concrete walls.  After police canvassed the neighborhood, they published the victim's photo to the media.  At 3:46 p.m., Sergeant S. received a phone call from Susunkewa's mother ("C.S.") identifying the victim as her grandson.

**¶3**         Sergeant S. located Susunkewa, arrested her, and interviewed her at the police station.  During the interview, Susunkewa admitted to being "drunk" the previous night and going to three parties with C.S., the victim, and other family members.  She said she remembered running, jumping fences, and hiding under cars, but could not remember why.  Her next memory was in the early morning hours of March 1, 2014, when she was wandering through an apartment complex and a stranger offered her

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Susunkewa.  *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

a ride to her boyfriend's house. Susunkewa did not report the victim missing or call police at any time before Sergeant S. contacted her.

¶4        On March 7, 2014, a grand jury indicted Susunkewa on one count of child abuse, a class 3 felony and domestic violence offense. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-3623(A), (C), (F) (2010); -3601 (Supp. 2014). At trial, the State presented the foregoing facts to the jury. The State also called C.S. during its case in chief, and she testified she last saw the victim with Susunkewa at the third party, when Susunkewa grabbed the victim and walked away.

¶5        The jury found Susunkewa guilty as charged. The superior court suspended Susunkewa's sentence and placed her on 10 years' supervised probation.

## DISCUSSION

¶6        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Susunkewa received a fair trial. She was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶7        The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members, and the court properly instructed the jury on the elements of the charges, Susunkewa's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report; Susunkewa was given an opportunity to speak at sentencing; and the court imposed an appropriate term of probation. *See* A.R.S. § 13-902(E) (Supp. 2014).

## CONCLUSION

¶8        We decline to order briefing and affirm Susunkewa's conviction and term of probation.

¶9        After the filing of this decision, defense counsel's obligations pertaining to Susunkewa's representation in this appeal have ended. Defense counsel need do no more than inform Susunkewa of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶10**        Susunkewa has 30 days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review.  On the court's own motion, we also grant Susunkewa 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama